JULIA SMITH GIBBONS, Circuit Judge,
dissenting.
I disagree with the majority’s conclusion that the meaning of the Administrative Law Judge’s (“ALJ”) opinion is clear. In my opinion, the text of that opinion is irretrievably ambiguous and its conclusion is based on evidence not in the record.[5] The majority’s interpretation of the opinion therefore constitutes impermissible fact-finding regarding Powers’s disability. I therefore dissent and would remand this case to the Commissioner for reconsideration and clarification of the ambiguity in the ALJ opinion.
In rejecting Powers’s claim for disability benefits, the ALJ relied heavily on the testimony of vocational expert Michael Galloway. As noted in the majority opinion, this testimony involved two opinions given in response to questions by the ALJ that included hypothetical factual findings. First, Galloway testified that if the court were to find Powers unable to “sit or stand more than an hour at a time without being able to move her position at least briefly for comfort,” Powers would be employable in several positions. Second, when the court inquired as to the result if Powers “would not be able to sit or stand ... any more than a total of four hours in a regular eight-hour workday,” Galloway responded that Powers would then be “unable to perform gainful activity.”
The ALJ’s opinion relied on this testimony in concluding that Powers is not *414 disabled. The ALJ revisted the hypothetical findings presented to Galloway, stating that the hypothetical required that Powers could not “sit or stand each more than a total of 4 hours in an 8-hour work day or longer than one hour at a time.” This characterization of the hypothetical is inaccurate; the initial hypothetical included no mention of a four-hour limit on each of standing or sitting, but rather merely limited the standing or sitting to one-hour increments. The only hypothetical that mentioned a four-hour limit was the second, which imposed a limit of four hours of sitting and standing combined.
The ALJ compounded the confusion by making a factual finding (“Finding Four”) that Powers is unable “to sit or stand more than a total of 4 hours in an 8-hour work day or longer than one hour at a time.” This finding materially differs from the ALJ’s mischaracterization of the testimony. The ALJ’s finding omitted the crucial modifier indicating whether Powers can work no more than four hours combined sitting and standing or if she can work no more than four hours sitting plus four hours standing.
The majority concludes from these facts that the ALJ clearly and unambiguously intended to find that Powers could work an eight hour day with no more than four hours each of standing and sitting. While the context of Finding Four could suggest such a result — and while this result is probably the ALJ’s intent, given his conclusion that Powers is not disabled — this conclusion is fraught with ambiguity for several reasons. First and most important, the language in Finding Four precisely mirrors that used by the ALJ in the second hypothetical during Galloway’s testimony — a hypothetical that would have resulted in a finding of disability. The plain meaning of this finding would thus counsel a finding that Powers is disabled. Second, the language in Finding Four differs from that used earlier in the opinion to describe the hypothetical facts. While the description of the hypothetical expressly used the word “each,” the language of Finding Four drops that qualifier. We should not read this omitted language into the factual finding, as the language difference is material and the addition of “each” would change the plain meaning of the factual finding. Finally, the ALJ mischaracterized the hypothetical upon which it based Finding Four. This mischaracterization introduced the ‘four-hour-each’ limitation that has produced this controversy. Not only was the four-hour-each limitation unsupported by record evidence, but it also seems that the ALJ adopted an element of the second hypothetical in creating it. The ambiguity of the source and effect of the four-hour language counsels against concluding that the ALJ reasonably intended to adopt its first hypothetical.
For these reasons, I would remand for clarification of the factual basis for the finding that Powers is not disabled.

. This is not to say that substantial evidence could not support the ALJ's finding that Powers is not disabled. The problem here is that the ALJ’s finding is not supported by substantial evidence in this record.